UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECHNICAL LED INTELLECTUAL PROPERTY, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>REVOGI, LLC,<br><br>    Defendant. | Case No. 18-cv-03827-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 30 |

Plaintiff Technical LED Intellectual Property, LLC ("Plaintiff") filed suit against Revogi, LLC ("Revogi"), alleging infringement of one or more claims of Plaintiff's patent, U.S. Reissue Patent No. 41,685 ("the '685 Patent"), entitled "Light Source With Non-White and Phoshor-Based White LED Devices and LCD Assembly." (Dkt. No. 1.)[1] The Clerk entered default as to Revogi on March 27, 2019, (Dkt. No. 29), after it failed to appear or otherwise defend itself in this action. Now before the Court is Plaintiff's unopposed motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Dkt. No. 30.) The Court thus VACATES the hearing scheduled for July 11, 2019, and permits Plaintiff to seek discovery regarding the number of infringing units sold.

**BACKGROUND**

**I.    Complaint Allegations**

Plaintiff alleges that Revogi violated 35 U.S.C. § 271(a) ("the Patent Act") by "making, using, providing, supplying, distributing, selling, and/or offering for sale products . . . comprising

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

a light source" that infringed on one or more claims of the '685 Patent. (Dkt. No. 1 at ¶¶ 7-8.) Plaintiff seeks monetary and injunctive relief under the Patent Act based on Revogi's infringement. Upon the Clerk's entry of default, the well-pleaded factual allegations in the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The Court thus accepts the following allegations as true.

**A. The Parties**

Plaintiff is "a Delaware limited liability company, with its principal place of business located at 251 Little Falls Dr., Wilmington, DE 19808." (Dkt. No. 1 at ¶ 1.)

Revogi[2] has "a principal place of business at 101 First St., Suite 440, Los Altos, CA." (*Id.* at ¶ 2.)

**B. The Patent Infringement**

Plaintiff's '685 Patent was issued on September 14, 2010 by the United States Patent and Trademark Office. (Dkt. No. 1 at ¶ 7 (citing LIGHT SOURCE WITH NON-WHITE AND PHOSPHOR- BASED WHITE LED DEVICES, AND LCD ASSEMBLY, US PAT RE41685).) Defendant Revogi offers for sale and has sold to consumers in the United States Revogi products that infringe one or more claims of the '685 Patent. (Dkt. No. 39 at 10.) Revogi's infringing products "comprise an optical cavity; first light emitting diodes each emitting white light and each encased in a light transmitting package; second light emitting diodes that emit a non-white light and encased in alight transmitting package; wherein the first and second light emitting diodes emit light into the optical cavity such that mixing of their spectral outputs occurs in the optical cavity." (*Id.*; *see also* Dkt. No. 1, Ex. B.)

**III. Procedural History**

Plaintiff filed its complaint on June 27, 2018. (Dkt. No. 1.) Plaintiff served Summons on Revogi on July 3, 2018. (Dkt. No. 9). On July 17, 2018, "Jun Meng, Defendant in pro per"

---

[2] California Secretary of State, https://businesssearch.sos.ca.gov/CBS/Detail. The status of Revogi is unclear. The California Secretary of State website lists Revogi's LLC status as "canceled" as of June 28, 2018.

2

mailed an Answer to Plaintiff, but did not file the Answer with the Court. (*See* Dkt. No. 20.) Plaintiff's subsequent attempts to contact Jun Meng failed. (*See id.*) On October 18, 2018, Jun Meng filed with the Court an Answer to Plaintiff's complaint, as "Defendant in Pro Per For Revogi, LLC." (Dkt. No. 22.) However, because a corporation cannot be represented by a non-attorney, *see* Civ. L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."); *see also Rowland v. California Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 202 (1993) ("[A] corporation may appear in the federal courts only through licensed counsel."), the Court ordered Revogi to proceed in this action with counsel. (Dkt. No. 23.) Revogi did not appear following the Court's order requiring counsel, and Plaintiff filed for entry of default with the Clerk of the Court on March 26, 2019. (Dkt. No. 28.) The Clerk entered default as to Revogi the next day. (Dkt. No. 29.) Plaintiff filed the instant motion for default judgment on May 30, 2019. (Dkt. No. 30.)

## DISCUSSION

### I. Jurisdiction

District courts have an affirmative duty to examine their jurisdiction—both subject matter and personal jurisdiction—when default judgment is sought against a non-appearing party. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

#### A. Subject Matter Jurisdiction

The Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff brings claims pursuant to Infringement of Patent, 35 U.S.C. § 271(a) of the Patent Act.

#### B. Personal Jurisdiction

Personal jurisdiction may be founded on either general jurisdiction or specific jurisdiction. *Daimler AG v. Bauman*, 134 S. Ct. 746, 754-55 (2014). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as home." *Id.* at 760 (internal quotation marks and citation omitted). A corporate defendant's place of incorporation and principal place of business form "the bases for the exercise of general jurisdiction." *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (citation omitted).

Revogi has its principal place of business in the Northern District.[3] Thus, the Court has general jurisdiction over Revogi. "Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). Here, personal jurisdiction arises from service upon Revogi in California. (*See* Dkt. No. 9.)

## II. Service

Before the Court can exercise its personal jurisdiction over Revogi, it must ensure that "the procedural requirement of service of summons" has been satisfied. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure.") (citing Fed. R. Civ. Proc. 4(a)). Federal Rule of Civil Procedure 4(h) provides that a corporation may be served in the same manner prescribed by Rule 4(e)(1) for serving an individual, which allows for service in accordance with California law.

Under California law, a corporation may be served by delivering a copy of the summons and the complaint to the "person designated as agent for service of process." Cal. Code Civ. P. § 416.10. Here, service was proper because Plaintiff successfully served Revogi's registered agent for service of process by personal service on July 3, 2018, in accordance with section 416.10. (*See* Dkt. No. 9.)

## III. Default Judgment

Pursuant to Federal Rule of Civil Procedure 55(b), a district court may grant default judgment after the Clerk's entry of default. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Courts consider the following factors in determining whether to enter default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal

---

[3] *See supra* text accompanying note 2.

4

Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Here, consideration of the *Eitel* factors weighs in favor of granting default judgment.

### A. Possibility of Prejudice to Plaintiff

The first *Eitel* factor considers whether the plaintiff will suffer prejudice if the court denies default judgment. *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1054 (N.D. Cal. 2010). As in *Craigslist*, where the district court found that denial of the plaintiff's request for judgment and injunctive relief would leave the plaintiff with no means to prevent further infringement by the defendants, here Plaintiff will be unable to prevent further infringement by Revogi unless the district court grants its motion. *Id.* Thus, this factor favors granting default judgment.

### B. Merits of Claims and Sufficiency of Complaint

The second and third *Eitel* factors require the plaintiff "to plead facts sufficient to establish and succeed upon its claims." *Craigslist, Inc.*, 694 F. Supp. 2d at 1055. As previously discussed, on motion for default judgment the well-pleaded factual allegations in the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party. *See Geddes*, 559 F.2d at 560. "The district court is not required to make detailed findings of fact." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

Plaintiff alleges that Revogi directly, literally, or under doctrine of equivalents infringed on one or more claims of the '685 Patent; to prevail on that claim Plaintiff must show: (1) Plaintiff holds a valid patent; and (2) through a comparison of the patent claims asserted to the infringing product, that Revogi directly infringed that patent. *Grober v. Mako Prod., Inc.*, 686 F.3d 1335, 1344 (Fed. Cir. 2012). Direct infringement occurs when the alleged infringer has made, used, sold, offered for sale or imported within the United States a product covered by at least one claim of the patent. *Cross Med. Prod., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310–11 (Fed. Cir. 2005). There are two ways in which a patent claim may be directly infringed. *Id.* A claim may be "literally" infringed, or it may be infringed under the "doctrine of equivalents." *Id.* Literal infringement requires that the alleged infringing product copy all the elements of the claim.

*Netword, LLC v. Centraal Corp.*, 242 F.3d 1347, 1352 (Fed. Cir. 2001). Under the doctrine of equivalents the alleged infringing product only need include parts that are identical or equivalent to the requirements of the claim. *See Warner-Jenkinson Co. v. Hilton Davis Chem. Co.,* 520 U.S. 17, 34–35, 117 S. Ct. 1040, 1051–52, 137 L. Ed. 2d 146 (1997); *see also Union Paper–Bag Machine Co. v. Murphy*, 97 U.S. 120, 125, 24 L.Ed. 935 (1878) ("the substantial equivalent of a thing, in the sense of the patent law, is the same as the thing itself; so that if two devices do the same work in substantially the same way, and accomplish substantially the same result, they are the same, even though they differ in name, form, or shape").

Under the Patent Act, anyone "without authority who makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). The Complaint sufficiently alleges that Plaintiff holds a valid U.S. Patent for LED light sources and Plaintiff's declaration in support of the Complaint includes a copy of the valid, reissued '685 Patent. (*See* Dkt. No. 1, Ex. A.) Plaintiff adequately alleges that Revogi directly infringed on the '685 Patent by including a copy of the valid patent with diagrams of the patented information and photos of the products sold by Revogi that infringed on such technology. (*See* Dkt. No. 1, Ex. B.) Plaintiff further alleges damages resulting from unpaid reasonable royalties that would have been paid by Revogi if it had obtained a valid license for use of the patented LED light source technology.

In sum, the Complaint sufficiently pleads an action for patent infringement and relief under the Patent Act; specifically, Plaintiff alleged that Revogi made, used, provided, supplied, distributed, sold, and/or offered for sale products that used a light source that infringed on one or more claims of the '685 Patent. (*See* Dkt. No. 1 at ¶ 8.) Accordingly, the second and third *Eitel* factors weigh in favor of granting default judgment.

### C. Money at Stake

Under the fourth *Eitel* factor, the Court must consider the amount of money at stake in relation to the seriousness of defendant's conduct. *Eitel*, 782 F.2d at 1471-72. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant's

actions." *Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007). Conversely, default judgment may be appropriate where it is "tailored to [the defendant's] specific misconduct." *Bd. of Trs. v. Superhall Mech., Inc.*, No. C-10-2212 EMC, 2011 WL 2600898, at *2 (N.D. Cal. June 30, 2011). Here, Plaintiff seeks an average reasonable royalty rate based upon prior license agreements between $14,500 and $25,000 for companies with sales less than $500,000. (Dkt. No. 30 at 12.) Plaintiff believes, based on the nature of the goods sold and websites used to offer its products for sale, that a reasonable royalty payment for the license of the LED technology with Revogi would amount to at least $14,500. (*See* Dkt. No. 30-1 at ¶ 7.) Therefore, Plaintiff requests compensatory damages in the amount of $14,500, and attorneys' fees and costs, for a total of $38,183.94. (*See Id.* at ¶¶ 21-27.) That amount is tailored to Revogi's sale of infringing products, and as discussed below, it is provided for under the Patent Act. *See* 35 U.S.C. § 284. Plaintiff also requests that the court increase the damages to $29,000 because of Revogi's misconduct and willful infringement of the '685 Patent. (Dkt. No. 30 at 11.) The Patent Act provides that the Court may award damages up to three times the amount determined at the court's discretion based upon a showing of willful infringement. *See* 35 U.S.C. § 284. Thus, the sum of the money at stake is appropriate and weighs in favor of granting default judgment.

### D. Dispute Over Material Facts

There is no indication that the material facts are in dispute. Upon the Clerk's entry of default, Revogi was "deemed to have admitted all well-pleaded allegations" in the complaint. *See Geddes*, 559 F.2d at 560 ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to damages, will be taken as true."). Further, evidence submitted by Plaintiffs in support of this motion—documentation showing a validly issued United States Patent and the exemplary claims chart of the "Smart Color LED Bulb LTB211" light bulbs—supports Plaintiff's allegations. (*See* Dkt. No. 1, Exs. A, B.) In the absence of any likely factual disputes, this factor weighs in favor of default judgment.

### E. Excusable Neglect

"This factor favors default judgment where the defendant has been properly served or the

1 plaintiff demonstrates that the defendant is aware of the lawsuit." *Wecosing, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). There is no basis here to conclude that Revogi's default resulted from excusable neglect. Plaintiff properly served Revogi with the summons and complaint on July 3, 2018. (Dkt. No. 9.) Moreover, Plaintiff properly served Revogi with this motion for default judgment. (Dkt. No. 30-5.) Accordingly, this factor weighs in favor of default judgment.

### F. Policy Favoring Decision on the Merits

"Cases should be decided on upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. This factor is not dispositive, however, and a defendant's failure to answer the complaint "makes a decision on the merits impractical, if not impossible." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Thus, termination of a case before hearing the merits is permissible when a defendant fails to defend an action. *Id.* Given Revogi's failure to appear, a decision on the merits is impossible.

\*\*\*

In sum, the *Eitel* factors weigh in favor of granting default judgment.

## IV. Remedies

The Patent Act provides monetary and injunctive relief for violations of section 271(a). As previously discussed, the Patent Act provides that "the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C.A. § 284. Plaintiff requests monetary and injunctive relief, and reasonable attorneys' fees and costs pursuant to sections 283, 284 and 285.

### A. Monetary Relief

Plaintiff seeks damages in the form of reasonable royalties for the sale of infringing products, totaling $14,500. (*See* Dkt. No. 30 at 12; *see also* Dkt. No. 1 at ¶ 3.) In support, Plaintiff submits the declaration of its counsel, Louis M. Heidelberger, who attests that prior fully-paid up license agreements for sales of less than $500,000 show that a reasonable royalty for licenses of the infringed product range from $14,500 to $25,000. (Dkt. No. 30-1 at ¶ 7.) Thus,

based upon prior license agreements, the nature of the goods, and the websites Revogi uses to sell, Mr. Heidelberger attests that a reasonable royalty amounts to $14,500. (*Id.*)

Plaintiff's motion also requests an increase of damages to $29,000 because of Revogi's bad faith behavior in the litigation process and willful infringement of the '685 Patent. (Dkt. No. 30 at 12.) It is within the court's discretion to increase the damages up to three times the amount found or assessed. 35 U.S.C. § 284. The Supreme Court has held that enhanced damages may be awarded in a "case of willful or bad-faith infringement." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1930 (2016). Additionally, the Supreme Court has instructed that enhanced damages "not be meted out in a typical infringement case, but are instead designed as 'punitive' or 'vindictive' sanction for egregious infringement behavior." *Id.* at 1932. Such enhanced damages are described as appropriate where the defendant's conduct related to infringement is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id.* Willfulness depends on an infringer's prelitigation conduct. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007), *abrogated on other grounds by Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016). To plead willful infringement, Plaintiff must assert facts plausibly showing that Revogi knew of the patent at the time of infringement and engaged in conduct it knew or should have known infringed on that patent. *Halo Elecs. Inc.*, 136 S. Ct. at 1933.

Here, Plaintiff asserts in this motion for default judgment that Revogi willfully infringed the '685 Patent. (Dkt. No. 30 at 12.) Aside from that conclusory statement, however, Plaintiff does not assert any factual allegations that demonstrate such "willful" infringement. Indeed, the complaint itself is devoid of *any* allegations of willful infringement. (*See generally* Dkt. No. 1.) Absent factual allegations, the Court sees no basis for a finding of willful infringement. Additionally, the bad faith or willful behavior refers to *pre-filing* conduct specific to the infringement of the patent. Bad faith behavior does not refer to the behavior of the defendant in the litigation process. *In re Seagate Tech.,* 497 F.3d ay 1374. Revogi's conduct related to the litigation process, after the filing of the Complaint, should not be taken into consideration of awarding enhanced damages for infringement of the '685 Patent. Lastly, a finding of willful

9

infringement does not require the district court to enhance damages. *Read Corp. v. Portec, Inc.,* 970 F.2d 816, 826 (Fed. Cir. 1992). Thus, Plaintiff has not shown that it is entitled to enhanced damages for the infringement of the '685 Patent.

Anticipating that the Court might decline to award enhanced damages, Plaintiff also requests "discovery directing all payment processors, warehouse shippers and retailers of Aeon Labs, including Aeotec to provide sales information for the RGBW LED lights and assemblies." (Dkt. No. 39 at 11.) A party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . [unless] authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Here, the parties have not conferred as required by Rule 26(f) because Revogi defaulted. For default judgment motions, Rule 55(b)(2) also provides that the court may conduct hearings or make referrals when, in order to enter or effectuate judgment, it needs to determine the amount of damages. Fed. R. Civ. P. 55(b)(2). Courts have allowed limited discovery on the issue of damages after the entry of default. *See Oakley, Inc. v. Moda Collection, LLC*, No. SACV16160JLSJCGX, 2016 WL 7495835, at *7 (C.D. Cal. June 9, 2016) (granting the plaintiff leave "to engage in discovery . . . to ascertain the existence and amount of damages"); *Alstom Power, Inc. v. Graham*, No. 3:15–cv–174, 2016 WL 354754, at *3 (E.D. Va. Jan, 27, 2016) (allowing the plaintiff to "engage in discovery limited to ascertaining the existence and amount of damages for its three causes of action."); *Tristrata Tech., Inc. v. Medical Skin Therapy Research, Inc.*, 270 F.R.D. 161, 163 (D. Del. 2010) (granting the plaintiff "leave to conduct discovery on the issue of damages" after entry of default). Here, Plaintiff requests limited discovery to determine the amount of damages related to Revogi's infringement of the '685 Patent. Such discovery is reasonable.

## CONCLUSION

While a default judgment is warranted, Plaintiff has not shown that it is entitled to the amount of monetary damages it seeks; accordingly, its request for damages discovery is granted. Plaintiff is authorized to proceed with discovery related to Defendant's sale of its infringing products. Defendant shall file a supplemental memorandum and evidence regarding its remedy request on or before September 26, 2019.

1 **IT IS SO ORDERED.**

2 Dated: June 27, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge