United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TECHNICAL LED INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>REVOGI, LLC,<br><br>Defendant. | Case No. 5:18-cv-03827-EJD<br><br>**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION**<br><br>Re: Dkt. Nos. 30, 37, 45 |

This matter comes before the Court on the Report and Recommendation of the Honorable Jacqueline Scott Corley that Plaintiff's motion for default judgment be granted in part. Order of Reassignment and Report and Recommendation ("Judge Corley Order"), Dkt. 45. Plaintiff has filed an objection to the Report and Recommendation. Objections to Report & Recommendation ("Objections"), Dkt. 47.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party fails to object to object to a magistrate judge's report and recommendation, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Hence, the Court reviews *de novo* only the portions of the report and recommendation that the plaintiff has filed an objection. 28 U.S.C. § 636(b)(1)(C). During this *de novo* review, the "district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to

Case No.: 5:18-cv-03827-EJD
ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

1

the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In her report and recommendation, Judge Corley considered Plaintiff's motion for default judgment, which sought an order for monetary damages, including compensatory damages, attorneys' fees, and costs. *See* Dkt. 37. Plaintiff's motion also sought to hold Jun Meng, the Chief Executive Officer ("CEO"), manager, and sole shareholder of Defendant, personally liable. *Id.* at 16. Judge Corley awarded Plaintiff $3,000 in damages, $10,400 in attorneys' fees, $0 in costs, and did not address Plaintiff's personal liability argument. *See generally* Judge Corley Order. Plaintiff does not object to the award of damages.[1] Rather, Plaintiff objects to the award of attorneys' fees and costs and argues that Jun Meng should be personally liable. Objections at 3–7. The Court addresses these arguments below.

**A. Attorney's Fees and Costs**

Judge Corley determined that this case was "exceptional" and warranted the award of prevailing party attorneys' fees to Plaintiff. Judge Corley Order at 9–10. Plaintiff does not object and the Court thus adopts this portion of Judge Corley's Report and Recommendation.

In its initial motion for default judgment, Plaintiff sought $26,681 in attorneys' fees and $1,561.94 in costs. Dkt. 37 at 15, 16. As noted, Judge Corley awarded Plaintiff $10,400 in attorneys' fees and nothing for costs as to Mr. Heidelberger and awarded no fees to Ms. Goldberg. Judge Corley Order at 12–13. Plaintiff objects and seeks $31,733.00 in total attorneys' fees and $1,752.32 in costs. Because Plaintiff objects to this portion of the Report and Recommendation, the Court reviews this portion of the Report and Recommendation *de novo* and considers the new evidence submitted by Plaintiff. *See* Fed. R. Civ. P. 72(b)(3).

To calculate an award of attorneys' fees, district courts apply "the lodestar method, multiplying the number of hours reasonably expended by a reasonable hourly rate." *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 763 (9th Cir. 2015). "A reasonable hourly rate is ordinarily

---

[1] Having reviewed the Report and Recommendation, as well as the record in this case, the Court finds that the portion of the Report and Recommendation discussing damages is well-founded in fact and law and, therefore, the Court adopts the damages portion of the Report and Recommendation.

Case No.: 5:18-cv-03827-EJD
ORDER ADOPTING IN PART REPORT AND RECOMMENDATION
2

the prevailing market rate in the relevant community." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) (quotation marks and citation omitted). "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorneys' own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camancho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (quotation marks and citation omitted). The party requesting fees also bears "the burden of submitting billing records to establish that the number of hours" requested are reasonable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). The number of hours should not exceed the number of hours reasonable competent counsel would bill for similar services. *Hensley*, 461 U.S. at 434. Courts may reduce the hours expended "where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; [and] if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986).

Two attorneys represent Plaintiff: Louis M. Heidelberger and Ilene Hoffman Goldberg from Carr & Ferrell LLP. Plaintiff requests it be awarded $31,733 in attorneys' fees, which purportedly reflects a total of 63.4 attorney hours and 14.7 paralegal hours on this case.[2] Objections at 4–5. In support of that request, Plaintiff now submits declarations from Ms. Goldberg and Mr. Heidelberger, their respective billing records for this case, and their attorney biographies. *See* Dkt. 47; Dkt. 26; Dkt. 37.

Mr. Heidelberger graduated from Temple University School of Law in 1975 and has been

---

[2] The Court notes that Plaintiff's counsel requests two different amounts in fees. On page 4 of its objection motion, counsel seeks $29,150. *See* Objections at 4 ("Accordingly, the total billings for all attorneys for Plaintiff is $29,150.00."). Yet, on page 5, Plaintiff requests it be awarded "$31,733.00 in professional fees." *Id.* at 5. While the Court believes the change in amount reflects the inclusion of paralegal costs, it is not certain because adding the previously requested $29,150.00 to the requested paralegal costs exceeds $31,733.00. *See id.*

Moreover, Ms. Goldberg's Declaration indicates that her firm seeks $10,583 in fees. Declaration of Ilene H. Goldberg ("Goldberg Decl.") ¶ 4, Dkt. 47-1. Mr. Heidelberger states that he seeks $21,500 in fees. Declaration of Louis M. Heidelberger ("Heidelberger Decl. ¶ 4"), Dkt. 47-4. This amounts to $32,083 in total attorneys' fees. *Cf.* Objections at 5 (seeking $31,733 in fees).

a patent litigator since that time. Dkt. 26-3, Ex. B at 1-2. He is admitted to practice in the District of Columbia, New York, Pennsylvania, and before the United States Patent and Trademark Office. *Id.* His billing rate in this case was $500 per hour. Dkt. No. 26-1, Ex. A at ¶ 22. He billed 43 hours at that rate, for a total of $21,500 in fees. Objections at 5; *see also* Declaration of Louis M. Heidelberger ("Heidelberger Decl. ¶ 4"), Dkt. 47-4.

Ms. Goldberg graduated from University of San Francisco School of Law in 1993 and has been handling intellectual property litigation matters for over ten years. Declaration of Ilene H. Goldberg ("Goldberg Decl.") ¶ 5, Dkt. 47-1. She is an associate at Carr & Ferrell LLP. *Id.* at Ex. C. Her billing rate is $375.00 per hour. *Id.* ¶ 5. She billed 20.4 hours at that rate, for a total of $7,650.00 in fees. Objections at 4; *see also* Goldberg Decl. ¶ 5. The case was also supported by three Carr & Ferrell LLP paralegals: Laura Ripley, Julie Burillo, and Jodi Kulow, who billed 8.1, 5.1, and 1.5 hours, respectively. Goldberg Decl., ¶ 6. Their billing rate was $210.00 per hour. *Id.* They billed 14.7 hours at that rate, for a total of $3,087 in fees. Objections at 5; *see also* Goldberg Decl., ¶ 6. Carr & Ferrell adjusted the total amount to $10,583.00. Objections at 5.

Mr. Heidelberger and Ms. Goldberg's rates are reasonable; they are in line with similar cases from this Circuit. *See, e.g.*, *Secalt S.A. v. Wuxi Shenxi Const. Mach. Co.*, 668 F.3d 677, 689 (9th Cir. 2012) (affirming attorneys' fee award in trademark infringement case based on rates of $320–$685/hour), *abrogated on other grounds by SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179 (9th Cir. 2016); *Chanel, Inc. v. Hsiao Yin Fu*, 2017 WL 1079544, at *5 (N.D. Cal. Mar. 22, 2017) (granting $35,640 in attorneys' fees in a trademark infringement case based on rates of $325–$500/hour for partners and $325/hour for an associate); *see also Superior Consulting Servs., Inc. v. Steeves-Kiss*, 2018 WL 2183295, at *5 (N.D. Cal. May 11, 2018) ("[D]istrict courts in Northern California have found that rates of $475-$975 per hour for partners and $300-$490 per hour for associates are reasonable."). The hours Mr. Heidelberger and Ms. Goldberg expended are also reasonable and supported by billing records that "account for these hours with what appear to be legitimate efforts at advancing the litigation and advocating for their client." *See ADG Concerns*, 2018 WL 4241967, at *14; *see also* Goldberg Decl., Ex. B;

Case No.: 5:18-cv-03827-EJD
ORDER ADOPTING IN PART REPORT AND RECOMMENDATION
4

1 Heidelberger Decl., Ex. A.

2 A prevailing party may recover reasonable paralegal fees. *See, e.g.*, *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989); *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 580 (9th Cir. 2010). In the San Francisco Bay Area, "reasonable market rates in labor and employment cases are . . . between $180 and $225 per hour for law clerks and paralegals." *Zoom Elec., Inc. v. Int'l Bhd. of Elec. Workers, Local 595*, 2013 WL 2297037, at *4 (N.D. Cal. May 24, 2013). The paralegals' rates appear commensurate with those charged in the local legal community. Additionally, the hours the paralegals expended are reasonable and supported by billing records that "account for these hours with what appear to be legitimate efforts at advancing the litigation and advocating for their client." *See ADG Concerns*, 2018 WL 4241967, at *14. Accordingly, the request for attorney and paralegal costs is **GRANTED.**

Plaintiff also seeks taxable and non-taxable costs. Regarding taxable costs, Plaintiff states that it should be "ordered to submit a Bill of Costs to the Clerk of the Court in excess of the current costs to date." The Court does not understand Plaintiff's position. Parties are able to file a bill of costs for their taxable fees in accordance with the civil local rules. *See* N.D. Cal. Civ. L.R. 54. Plaintiff does not need an order from this Court to file a bill of costs for its taxable costs. *See id.* Regarding non-taxable costs, because this is an "exceptional case," Plaintiff may recover costs as the prevailing party. *See* Judge Corley Order at 12–13 (collecting cases). Judge Corley denied Plaintiff's request for costs because the request was not supported by sufficient evidence. *Id.* at 13. While Plaintiff has submitted additional evidence to support its request for non-taxable costs, it is unclear which costs are *taxable* and which are *non-taxable*. It is also unclear which fees are actually necessary litigation costs. Moreover, counsel does not attach appropriate documentation. All that counsel provides are billing records from them to their client; counsel fails to provide actual receipts from the alleged costs. Accordingly, the request for costs is **DENIED.**

**B. Personal Liability**

Plaintiff last argues that Jun Meng, the CEO, manager, and sole shareholder of Defendant Revogi and Charles Isikilu, the named domestic agent for Defendant's trademark registration,

Case No.: 5:18-cv-03827-EJD
ORDER ADOPTING IN PART REPORT AND RECOMMENDATION
5

should be personally liable for the damages, enhanced damages, and professional fees awarded by this Court and by Judge Corley. Plaintiff cites *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408 (Fed. Cir. 1996) as support. The Court understands Plaintiff to making a "pierce the corporate veil" or "alter ego" argument. *See* Objections at 7 (arguing Meng and Isikilu should be personally liable as they operated Defendant as their "alter ego"). *Hoover Group* is not helpful to Plaintiff as one fundamental difference exists in this case—the Complaint does not personally name Jun Meng or Charles Isikilu. In contrast, in *Hoover Group*, the complaint named the corporate officer. *See* 84 F.3d at 1408 (alleging causes of action against main corporation *and* the officer that the plaintiff sought to hold personally liable). Indeed, Plaintiff's Complaint only alleges that Defendant Revogi committed or has induced acts of patent infringement. Complaint for Patent Infringement ¶ 4, Dkt. 1. The Complaint makes no mention of Jun Meng, Charles Isikilu, or of an "alter ego." Accordingly, because the complaint itself does not sufficiently allege liability based on an alter-ego theory, Plaintiff cannot proceed with such claims. *See Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1118 (C.D. Cal. 2003). The request for personal liability is thus **DENIED.**

### C. Conclusion

For the foregoing reasons, Magistrate Judge Corley's Report and Recommendation is adopted in part. Pursuant to Judge Corley's order, Plaintiff shall receive $3,000 in damages. Plaintiff's request for attorneys' fees is **GRANTED** in the amount of $32,083 ($21,500 for Mr. Heidelberger and $10,583 for Carr & Ferrell LLP). Plaintiff's request for costs is **DENIED** and Plaintiff is directed to consult Civil Local Rule 54. Plaintiff's request that the officers of Revogi be personally liable is also **DENIED.** The Clerk shall close the file and a judgment in favor of Plaintiff shall follow.

**IT IS SO ORDERED.**

Dated: March 9, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-03827-EJD
ORDER ADOPTING IN PART REPORT AND RECOMMENDATION
6